IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION


ANITA S. BYRD                                                                         PLAINTIFF

vs.                                    Civil No. 2:14-cv-02235

CAROLYN COLVIN                                                                      DEFENDANT
Commissioner, Social Security Administration


## ORDER

Pending now before this Court is Plaintiff's Application for Attorney Fees Under the Equal

Access to Justice Act ("EAJA").  ECF No. 15.[1]  With this Motion, Plaintiff requests an EAJA award

of $6,954.80.  *Id.*  On May 27, 2016, Defendant responded to this Motion and objects to the hours

claimed as excessive.  ECF No. 17.  Plaintiff filed a reply on June 1, 2016.  ECF No. 18.

### 1. Background:

Anita S. Byrd ("Plaintiff") appealed to this Court from the Secretary of the Social Security

Administration's ("SSA") denial of her request for disability benefits.  ECF No. 1.  On February 29,

2016, Plaintiff's case was remanded pursuant to sentence four of 42 U.S.C. § 405(g).  ECF No. 14.

On May 20, 2016, Plaintiff filed the present Motion requesting an award of attorney's fees

under the EAJA.  ECF No 15.  With this Motion, Plaintiff requests an award of attorney's fees of

$6,954.80.  *Id.*  This amount represents 11.10 attorney hours at an hourly rate of $186.00 for work

performed in 2014, 16.35 attorney hours at an hourly rate of $187.00 for work performed in 2015, 1.75

attorney hours at an hourly rate of $188.00 for work performed in 2016, and 20.05 paralegal hours at

---

[1] The docket numbers for this case are referenced by the designation "ECF. No."

an hourly rate of $75.00.  *Id.*  Defendant responded to this Motion on May 27, 2016.  Defendant

objects to the number of hours claimed by counsel.  ECF No. 17.

**2. Applicable Law:**

Pursuant to the EAJA, 28 U.S.C. § 2412(d)(1)(A), a court must award attorney's fees to a

prevailing social security claimant unless the Secretary's position in denying benefits was substantially

justified.  The Secretary has the burden of proving that the denial of benefits was substantially

justified. *See Jackson v. Bowen,* 807 F.2d 127, 128 (8th Cir.1986) ("The Secretary bears the burden

of proving that its position in the administrative and judicial proceedings below was substantially

justified").  An EAJA application also must be made within thirty days of a final judgment in an

action, *See* 28 U.S.C. § 2412(d)(1)(B), or within thirty days after the sixty day time for appeal has

expired.  *See Shalala v. Schaefer,* 509 U.S. 292, 298 (1993).

An award of attorney's fees under the EAJA is appropriate even though, at the conclusion of

the case, the plaintiff's attorney may be authorized to charge and to collect a fee pursuant to 42 U.S.C.

§ 406(b)(1).  Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was

specifically allowed when Congress amended the EAJA in 1985. *See Gisbrecht v. Barnhart,* 535 U.S.

789, 796 (2002) (citing Pub. L. No. 99-80, 99 Stat. 186 (1985)).  The United States Supreme Court

stated that Congress harmonized an award of attorney's fees under the EAJA and under 42 U.S.C. §

406(b)(1) as follows:

> Fee awards may be made under both prescriptions [EAJA and 42 U.S.C. § 406(b)(1)],
> but  the claimant's attorney must "refun[d] to the claimant the amount of the smaller
> fee.". . ."Thus, an EAJA award offsets an award under Section 406(b), so that the
> [amount of total past-due benefits the claimant actually receives] will be increased by
> the . . . EAJA award up to the point the claimant receives 100 percent of the past-due
> benefits."

*Id.* Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *See id.*; *Cornella v. Schweiker,* 728 F.2d 978, 986 (8th Cir. 1984).

The statutory ceiling for an EAJA fee award is $125.00 per hour. *See* 28 U.S.C. § 2412(d)(2)(A). A court is only authorized to exceed this statutory rate if "the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* A court may determine that there has been an increase in the cost of living, and may thereby increase the attorney's rate per hour, based upon the United States Department of Labor's Consumer Price Index ("CPI"). *See Johnson v. Sullivan,* 919 F.2d 503, 504 (8th Cir. 1990).

**3. Discussion:**

In the present action, Plaintiff's case was remanded to the SSA. ECF No. 14. Defendant does not contest Plaintiff's claim that she is the prevailing party and does not oppose her application for fees under the EAJA ECF No. 17. The Court construes this lack of opposition to this application as an admission that the government's decision to deny benefits was not "substantially justified" and that Plaintiff is the prevailing party.

Plaintiff requests a total award of $6,954.80 under the EAJA. ECF No. 13. Plaintiff requests these attorney fees at a rate of $186.00 per hour for work performed in 2014, $187.00 for work performed in 2015, and $188.00 per hour for work performed in 2016. *Id.* An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced hourly rate. *See* 28 U.S.C. § 2412(d)(2)(A). *See also Johnson,* 919 F.2d at 504. An enhanced hourly rate is authorized by the EAJA as long as a Consumer Price Index ("CPI") justifies such the enhanced

hourly rate.  *See* 28 U.S.C. § 2412(d)(2)(A).  *See also Johnson,* 919 F.2d at 504.  Based upon the CPI-South Index, the hourly rate of $186.00 is authorized for 2014, $187.00 is authorized for 2015 and $188.00 is authorized for 2016.  Further, Defendant does not object to these hourly rates.  Accordingly, the Court awards these hourly rates.

Further, I have reviewed counsel's itemization of time appended to Plaintiff's application. ECF No. 16-1.  Defendant has objected to 10.00 hours for case review in September 2014 as excessive and repetitive and seeks to reduce it to 2.00 hours.  ECF No. 17.  Based on the review of counsel's itemization, this Court does not find Plaintiff's request for 10.00  hours for case review in September 2014 as excessive and repetitive.  The transcript in this matter contained 1,585 pages.  1,269 pages of the transcript were medical records.  Thus, this Court finds Plaintiff is entitled to an attorney's fee award under EAJA in the amount of $6,954.80, representing 11.10 attorney hours at an hourly rate of $186.00 for work performed in 2014, 16.35 attorney hours at an hourly rate of $187.00 for work performed in 2015, 1.75 attorney hours at an hourly rate of $188.00 for work performed in 2016, and 20.05 paralegal hours at an hourly rate of $75.00.

Finally, Defendant claims the fees awarded should be paid directly to Plaintiff pursuant to *Astrue v. Ratliff,* 130 S.Ct. 2521, 2528 (2010).  ECF No. 17.  *Ratliff* requires that attorney's fees be awarded to the "prevailing party" or the litigant.  *See id,* 130 S.Ct. 2521, 2528 (2010).  Thus, these fees must be awarded to Plaintiff, not to Plaintiff's attorney.  However, if Plaintiff has executed a valid assignment to Plaintiff's attorney of all rights in an attorney's fee award and Plaintiff owes no outstanding debt to the federal government, the attorney's fee may be awarded to Plaintiff's attorney.

**4.** <u>**Conclusion:**</u>

Based upon the foregoing, the Court awards Plaintiff **$6,954.80** pursuant to the EAJA, 28

U.S.C. § 2412.

**ENTERED** this **3rd day of June, 2016.**


/s/ *P. K. Holmes,* III
P. K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE